UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MINDFUL HEALTHCARE AGENCY, INC., Plaintiff, | |
| v. | Civil No. 25-11345-LTS |
| GOE GLOBAL ENTERPRISE INC. and GODFREY O. EKHOMU, Defendants. | |

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 9)

October 7, 2026

SOROKIN, J.

Mindful Healthcare Agency, Inc. sued GOE Global Enterprise Inc. and Godfrey O. Ekhomu to recover damages arising from an agreement for GOE to provide accounting services. See Doc. No. 1-1. In June of 2025, Defendants moved to dismiss on res judicata grounds, Doc. No. 9, arguing in relevant part that an Illinois state court's grant of summary judgment for GOE in a prior related suit barred the present action. Doc. No. 10 at 14-16.

On December 9, 2025, the Court issued a partial ruling on Defendants' motion to dismiss. Doc. No. 21. The Court determined that the claims in the present suit were litigated or could have been litigated in the Illinois action, and thus that the causes of action shared an identity under Illinois claim-preclusion law.[1] Id. at 10-12. The Court also noted that Mindful "implicitly

[1] The Court denied the motion insofar as Defendants challenged personal jurisdiction and denied without prejudice Defendants' other challenges to Mindful's complaint in light of the pending resolution of the res judicata question. Doc. No. 21 at 6.

conceded" that the parties in the prior suit matched the parties in the present suit. Id. at 10. Nevertheless, the Court stayed rather than dismissed the action for one reason: Mindful had appealed the entry of summary judgment against it in the Illinois action. Id. at 12-13. At the time of this Court's ruling, that appeal was pending, and Illinois law was unsettled regarding whether a judgment on appeal is considered "final" for the purposes of claim preclusion. See id.

The parties have since reported that the Illinois Appellate Court affirmed the Illinois trial court's grant of summary judgment for GOE. Doc. Nos. 24, 24-1. Accordingly, the judgment in the Illinois action is now final. Indeed, no party argues otherwise.[2] The only issue that previously prevented the Court from fully adjudicating Defendants' motion to dismiss is therefore resolved. Defendants' motion to dismiss, Doc. No. 9, is ALLOWED for the reasons explained by the Court in its previous order, Doc. No. 21, and Mindful's complaint, Doc. No. 1-1, is DISMISSED.

One more issue remains. Mindful appears to wish to file an amended complaint. See Doc. No. 24 at 2-3. Under Rule 15 of the Federal Rules of Civil Procedure, Mindful's time to file an amended complaint as of right has passed, and it would now need to obtain leave from the Court. Fed. R. Civ. P. 15(a)(1). Mindful would have to demonstrate that amending its complaint is what "justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may deny leave when an amendment would be futile, i.e., when it "could not withstand a 12(b)(6) motion to dismiss." Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (quoting

[2] In its portion of the status report, Mindful instead argues (1) that Defendants' refusal to provide IRS filings to Mindful "was calculated," and (2) that res judicata cannot bar a claim for violation of the public policy of Massachusetts. Doc. No. 24 at 3-4. Both arguments are inapposite. In its previous order, the Court already determined that Mindful's claims would be barred by res judicata upon a final judgment on the merits by the Illinois Appellate Court. Doc. No. 21 at 11-12. That final judgment now exists.

Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000)). Here, Mindful has not filed a motion seeking leave to amend. It only expresses its intent to file an amended complaint in its portion of the status report. Doc. No. 24 at 2-3. The Court construes that expression as a request to the Court for leave to amend and addresses it here.

Mindful's portion of the status report fails to demonstrate that an amended complaint would not likewise be barred by res judicata. Mindful does point to additional damages it has suffered since the entry of judgment, id., but these damages all allegedly arise from the same accounting misconduct alleged in the original complaint. They do not, therefore, take the undescribed amended complaint outside the reach of the governing claim-preclusion principles. See River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 893 (Ill. 1998) (holding that separate claims are considered the same cause of action under res judicata "if they arise from a single group of operative facts, regardless of whether they assert different theories of relief"); Agolf, LLC v. Vill. of Arlington Heights, 946 N.E.2d 1123, 1136 (Ill. App. Ct. 2011) ("Res judicata applies even if a different type of relief or damage is sought in the subsequent action as long as the same . . . operative facts give rise to the successive assertions of relief." (citation modified)). Because the Court perceives no non-futile basis for amending the complaint, it declines to grant Mindful leave to do so.

For the foregoing reasons, Defendants' motion to dismiss, Doc. No. 9, is ALLOWED, and Mindful's complaint, Doc. No. 1-1, is DISMISSED.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge